UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BENYAMIN SMITH, | ) | |
| | ) | |
| Petitioner, | ) | 13 C 4885 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND ORDER

Petitioner Benyamin Smith pleaded guilty to one count of wire fraud in April 2012 pursuant to a written plea agreement. *United States v. Smith*, 11 CR 413, Docs. 85-86. Paragraph 23(b) of the plea agreement provides that if the Government moved for a USSG 5K1.1 reduction at sentencing, Smith would waive "his right to challenge his conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) his attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255." *Id.*, Doc. 86, ¶ 23(b). Paragraph 23(b) further provides that the waiver "does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation." *Ibid*. At sentencing, the Government moved the court under USSG 5K1.1 to impose a sentence of two-thirds of the low end of the advisory Sentencing Guidelines range, and the court granted the motion. *Id.*, Docs. 109, 157. No direct appeal was filed.

1

Now before the court is a *pro se* petition that Smith has filed under 28 U.S.C. § 2255. Docs. 1, 8. He then filed an amended petition, which states three claims. Doc. 15. Smith has withdrawn one of his claims, and the two remaining claims have no merit.

First, Smith argues that his defense counsel was ineffective in several respects. Doc. 15 at 4-7. The Government argues that because the ineffective assistance claim nowhere contends that defense counsel was ineffective with respect to the appellate waiver itself, the waiver bars the claim. Doc. 7 at 5; Doc. 17. Although the plea agreement on its face indeed purports to bar all ineffective assistance claims except those related to the appellate waiver or its negotiation, the Government's argument is incorrect. As the Seventh Circuit recently confirmed in *Hurlow v. United States*, 726 F.3d 958 (7th Cir. 2013), appellate waivers, no matter how narrowly crafted, do not bar a defendant's claim that he entered into a plea agreement based upon advice of counsel that fell below Sixth Amendment standards. *See id*. at 964-68. Put simply, "an attorney's ineffectiveness with regard to the plea agreement as a whole, and not just the specific waiver provision at issue, renders the waiver unenforceable." *Id*. at 965. Thus, while the appellate waiver bars Smith's ineffective assistance claim to the extent it addresses matters other than the assistance he received in connection with the plea agreement, the claim is not barred to the extent it does address that issue.

Although that portion of the ineffective assistance claim survives the appellate waiver, it nonetheless fails on the merits. "In order to make out a claim for ineffective assistance of counsel in the context of a guilty plea, a defendant must show (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's errors, the defendant would not have pled guilty and would have insisted on going to trial." *Bethel v. United States*, 458 F.3d 711, 716 (7th Cir. 2006). Even assuming that

2

Smith could show that counsel's performance fell below an objective standard of reasonableness, Smith has not shown, and has not even argued, that but for his counsel's alleged errors, he would not have pleaded guilty and would have gone to trial. His ineffective assistance claim accordingly is rejected. *See United States v. Multani*, 420 F. App'x 621, 624 (7th Cir. 2011) (rejecting an ineffective assistance claim where "there is nothing in the record or in [the petitioner's] Rule 51(b) response suggesting that [he] would not have pleaded guilty had the court discussed with him the forfeiture count at the plea colloquy"); *Hutchings v. United State*, 618 F.3d 693, 697 (7th Cir. 2010) ("We find that Hutchings's ineffective assistance claim fails because he did not adequately show that he would not have pled guilty even had his attorney fully explained to him that a Rule 35 motion to reduce his sentence was not guaranteed.") (citations omitted); *Bethel*, 458 F.3d at 718-19.

Second, Smith claims that the Bureau of Prisons failed to grant him appropriate credit for time spent in pretrial detention. Doc. 15 at 8-9. In its response brief, the Government argues that this claim is not properly brought in a § 2255 petition, but instead must be presented via a grievance to the Bureau of Prisons and then in a § 2241 motion in the district where Smith is imprisoned. Doc. 7 at 7-8 (citing *Rogers v. United States*, 180 F.3d 349, 356-57 (1st Cir. 1999), and *Clemente v. Allen*, 120 F.3d 703, 704-05 (7th Cir. 1997)). Apparently convinced by the Government's argument, Smith's reply brief withdraws this claim. Doc. 23 at 2.

Third, Smith claims that he was improperly assessed a USSG 3B1.1 sentencing enhancement in the calculation of his advisory Sentencing Guidelines range. Doc. 15 at 9. That claim is foreclosed by Smith's appellate waiver. *See Roberts v. United States*, 429 F.3d 723, 724 (7th Cir. 2005) ("There is no question that Roberts's waiver encompasses the claims presented in the § 2255 motion. Accordingly, the district court correctly dismissed the action."); *Keller v.*

*United States*, 657 F.3d 675, 679 (7th Cir. 2011) ("Moreover, Keller's plea agreement waived his right to appeal or collaterally attack a within-guidelines or statutory minimum sentence."); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (enforcing the petitioner's waiver of his right to bring a § 2255 challenge). To the extent that this claim can be deemed part of Smith's ineffective assistance claim, it is meritless because Smith has not argued, let alone shown, that but for his counsel's alleged error with respect to the calculation of his Guidelines range, he would not have pleaded guilty and would have gone to trial.

For the foregoing reasons, Smith's § 2255 petition is denied.

December 16, 2013

_____
United States District Judge